No. 25-30257

---

In the United States Court of Appeals
For the Fifth Circuit

---

DAVID GREEN; LADAIZYA TILLMAN; DAKEDRA JONES; LADAVEON MCFEE; DAIJOUR MCFEE; DEBRA BAILEY, ON BEHALF OF HER MINOR CHILD J.B.; DAVID RUFF,
*Plaintiffs - Appellants*

**v.**

CITY OF MONROE; BRFHH MONROE, L.L.C., DOING BUSINESS AS OCHSNER LSU HEALTH-MONROE; LAWRANCE MOORE; RUSSELL MCCALL,
*Defendants - Appellees.*

---

On Appeal from the United States District Court
For the Western District of Louisiana
No. 3:22-cv-884-TAD-KDM

---

**BRIEF OF APPELLEES,
LAWRANCE MOORE AND RUSSELL MCCALL**

Jay P. Adams, Bar No. 18755
Sara G. White, Bar No. 34569
Hudson, Potts & Bernstein, LLP
1800 Hudson Lane, Suite 300
Monroe, Louisiana 71210-3008
Telephone – 318/388-4400
Facsimile – 318/322-4194
jadams@hpblaw.com
swhite@hpblaw.com
*Attorneys for Lawrance Moore and Russell McCall*

## <u>CERTIFICATE OF INTERESTED PARTIES</u>

Pursuant to Fed. R. App. 26.1 and 5th Cir. R. 28.2.1, the undersigned counsel of record certified that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judgment of this Court may evaluate possible disqualification or recusal:

1. David Green, Appellant;

2. LaDaizya Tillman, Appellant;

3. Dakedra Jones, Appellant;

4. Ladaveon McFee, Appellant;

5. Daijour McFee, Appellant;

6. Debra Bailey, on behalf of her minor child J.B., Appellant;

7. David Ruff, Appellant;

8. City of Monroe, Appellee;

9. BRFHH Monroe, LLC, d/b/a Ochsner LSU Health-Monroe, Appellee;

10. Lawrance Moore, Appellee,

11. Russell McCall, Appellee,

12. Jay P. Adams and Sara G. White with Hudson, Potts & Bernstein, LLP: Counsel for Appellees;

13. Brandon W. Creekbaum with the City of Monroe, Counsel for Appellees;

14. Lawrence W. Pettiette, Jr. with Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, LLP; Counsel for Appellees;

i

15. Carol Denise Powell-Lexing and Rick Candler, counsel for Appellants;

16. Hon. Kayla McClusky, Presiding Magistrate Judge in the District Court;

17. Hon. Terry Doughty, Presiding Judge in the District Court.

/s/ *Jay P. Adams*
Jay P. Adams

## <u>STATEMENT REGARDING ORAL ARGUMENTS</u>

Appellees do not feel that oral arguments would be beneficial or necessary in this case.  The present case involves the granting of a Motion for Reconsideration pursuant to Rule 54(b), easily interpreted, and applied by the District Court.  As such, the record and briefs adequately address the issue before the court.  *See* Fed. R. App. P. 34(a)(2)(C).

# <u>TABLE OF CONTENTS</u>

**CERTIFICATE OF INTERESTED PARTIES** ..................................................... i

**STATEMENT REGARDING ORAL ARGUMENTS** ........................................ iii

**TABLE OF AUTHORITIES** ..................................................................1

**ISSUES ON APPEAL** ...........................................................................3

**STATEMENT OF THE CASE** ................................................................4

**SUMMARY OF THE ARGUMENT** .........................................................7

**STANDARD OF REVIEW** ....................................................................7

**ARGUMENT** ......................................................................................8

    1.    **The District Court Correctly Granted the Motion for Reconsideration.** .................................................................8

        **a. The District Court Correctly Identified Manifest Error of Fact Existed in its Prior Ruling.** .....................................9

        **b. The District Court Correctly Granted the Motion for Summary Judgment after Considering the Affidavit Testimony of Moore and McCall.** .................................................12

    2.    **Appellants Fail to Offer Any Argument Sufficient to Overturn the District Court's Granting of the Motion for Reconsideration and Motion for Summary Judgment.** ....................................13

**CONCLUSION** ..................................................................................15

**CERTIFICATE OF SERVICE** ..............................................................17

**CERTIFICATE OF COMPLIANCE** .......................................................18

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ...............................13

*Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017) ............................................8

*Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .....12

*HBM Interests, L.L.C. v. Chesapeake Louisiana, L.P.*, 2013 WL 3893989, *1 (W.D. La. 2013) ....................................................................................................................9

*Iturralde v. Shaw Group, Inc.*, 512 Fed. Appx. 430, 432 (5th Cir. 2013) ................8

*Lartigue v. Northside Indep. Sch. Dist.*, 100 F.4th 510, 518 (5th Cir. 2024) ...........8

*Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452 ........................................8, 9

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12 n. 14 (U.S. 1983) .....................................................................................................8

*Robinson v. Orient Marine Co.*, 505 F.3d 364, 366 (5th Cir. 2007) ........................8

*Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007) ....................................................................................................................14

*Thomas v. Bayer Corp.,* No. CIV.A. 01-1489, 2005 WL 1861953, at *2 (W.D. La. Aug. 2, 2005) .....................................................................................................11

**Statutes**

42 U.S.C §1983 ...................................................................................... 4, 7, 10, 13

42 U.S.C §1998 .............................................................................................................4

La C.C. art. 2315 ....................................................................................................6, 13

**Rules**

Fed. R. Civ. P. 56 ............................................................................8, 11, 12

Fed. R. Civ. P. 59(e)...............................................................................8

## <u>ISSUES ON APPEAL</u>

1. Whether the District Court correctly granted appellees' Motion for Reconsideration, finding the undisputed testimony showed appellees were entitled to summary judgment.

## **STATEMENT OF THE CASE**

This suit arises from the death of David Harris ("Harris") on or around April 3, 2021. Earlier that day, Harris was found walking down the middle of the street holding up traffic. ROA.25-30257.29. Harris was detained by Officer Jonathan Daniel who was advised by family members at the scene that Harris suffered from mental illness. ROA. 25-30257.29. Harris was driven to Ochsner LSU Health – Monroe for further care. However, once at the hospital, Harris refused to get out of the police car and onto the awaiting stretcher. ROA. 25-30257.29. Two LSU police officers, Lawrance Moore and Russell McCall, arrived to assist Officer Daniel. ROA. 25-30257.30. Harris was removed from the police car and continued to resist transfer to the hospital stretcher. ROA. 25-30257.30. Harris was held on the ground by the Officers Daniel, Moore, and McCall while waiting for additional backup. Harris was subsequently transferred to Ouachita Correctional Center where he was found to have weak vitals and later succumbed to death. ROA.25-30257.31.

On April 2, 2022, appellants filed suit against Moore, McCall, and other defendants, alleging violations of Harris' constitutional rights and wrongful death under 42 U.S.C §1983, §1998, and applicable state law. Appellants alleged Moore and McCall were liable in both their official and individual capacities. ROA. 25-30257.28.

On January 3, 2025, Moore and McCall, filed a Motion for Summary Judgment, demonstrating there was no genuine issue of material fact as to appellants' inability to establish their burden of proof, particularly as there was a lack of expert testimony regarding causation. ROA. 25-30257.753.

The District Court granted in part, and denied in part, the Motion for Summary Judgement, finding Moore and McCall were entitled to sovereign immunity as to the claims brought against them in their official capacities as a suit against a state official in their official capacity is, in essence, a suit against the state. Thus, the claims brought against Moore in McCall in their official capacities were dismissed.

However, the District Court found a genuine issue of material fact as to liability in the claims brought against Moore and McCall in their individual capacities, since there was a portion of Officer Daniels' bodycam video which did not account for their actions.[1] ROA. 25-30257.1002; ROA. 25-30257.1009. As to appellants request for certain damages, the District Court properly granted the Motion for Summary Judgment, finding there was no legal support for an award of punitive damages, exemplary damages, or attorney's fees. ROA. 25-30257.1010.

Appellees, Moore and McCall, then filed a Motion for Reconsideration on March 18, 2025, noting their testimony submitted in support of their Motion for

---

[1] The bodycam footage was submitted by co-defendant, the City of Monroe, in support of its own Motion for Summary Judgment. ROA. 25-30257.856.

Summary Judgment, remained uncontradicted, and the District Court did not take such testimony into account when rendering its ruling. ROA. 25-30257.1015. Appellants did not oppose the Motion for Reconsideration.

On April 8, 2025, the District Court properly granted the Motion for Reconsideration, noting that appellants had two opportunities to rebut the Affidavits of Moore and McCall, but did not do so. ROA. 25-30257.1057. Accordingly, the District Court considered the testimony undisputed and found no genuine issue of material fact as to appellants' inability to establish causation, an essential element of their case. ROA.25-30257.1058. The wrongful death claims under §1983 and La. C.C. art. 2315 brought against Moore and McCall in their individual capacities were therefore dismissed and the Motion for Summary Judgment was granted in full. ROA.25-30257.1058.

This appeal followed. ROA. 25-30257.1060.

## SUMMARY OF THE ARGUMENT

The dismissal of appellants' claims was proper as there is a complete lack of evidence to substantiate any of their allegations in this matter.

Appellants' wrongful death claims, under §1983 and state law, fail as a matter of law since appellants cannot establish causation, an essential element to their suit. The expert testimony offered by appellants own witness confirms that Moore and McCall *could not* have caused the injury which led to Harris' death. Specifically, appellants' expert opined that only a "hard knee" to the back of Harris' neck could have caused the fatal injury. ROA.25-30257.770. The sworn and uncontradicted testimony from Moore and McCall confirm they *did not* place a knee on the back of Harris' neck. ROA. 25-30257.773; ROA. 25-30257.774. Appellants offered no evidence that Moore or McCall did place a knee on the back of Harris' neck, nor did they even oppose the Motion for Reconsideration. Accordingly, the District Court properly recognized appellants' inability to establish their burden of proof in this case and granted Moore and McCall's Motion for Reconsideration, and subsequently, their Motion for Summary Judgment.

This Court should affirm.

## STANDARD OF REVIEW

Courts of Appeals review grants of summary judgment and motions for reconsideration *de novo*. *Lartigue v. Northside Indep. Sch. Dist.*, 100 F.4th 510, 518

(5th Cir. 2024). Summary judgment is appropriate if the record and evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Robinson v. Orient Marine Co.*, 505 F.3d 364, 366 (5th Cir. 2007); FED. R. CIV. P. 56(a).

## **ARGUMENT**

### **1. The District Court Correctly Granted the Motion for Reconsideration.**

"Under Rule 54[(b)], a district court has the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *Iturralde v. Shaw Group, Inc.*, 512 Fed. Appx. 430, 432 (5th Cir. 2013)). "Virtually all interlocutory orders may be altered or amended before final judgment if sufficient cause is shown." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 12 n. 14 (U.S. 1983)).

An "order granting partial summary judgment [is] interlocutory," and, therefore, the Court must "analyze [ ] the motion for reconsideration under Rule 54(b)." *Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017). Courts evaluate motions to amend interlocutory orders under a "less exacting" standard than Rule 59(e), but, nevertheless, look to similar considerations for guidance. *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3. "Virtually all interlocutory

8

orders may be altered or amended before final judgment if sufficient cause is shown." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (citing *HBM Interests, L.L.C. v. Chesapeake Louisiana, L.P.*, 2013 WL 3893989, *1 (W.D. La. 2013)).

Therefore, in determining whether to grant the motion, the Court evaluates whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change in controlling law." *See Miller Pharmacy Services, L.L.C.*, 2021 WL 2627452, at *3 (quoting *HBM Interests*, 2013 WL 3893989 at *1).

### a. The District Court Correctly Identified Manifest Error of Fact Existed in its Prior Ruling.

In this case, manifest error of fact existed in the District Court's initial ruling since it did not address, or take into account, the sworn and unrefuted Affidavit testimony of Moore and McCall. Specifically, the Ruling noted:

> Dr. Anderson [plaintiff's expert] testified that only a "hard knee to a prone individual" could have caused Harris' fatal neck injuries. On that basis, Officers Moore and McCall point to the Officer Daniel's bodycam footage to claim that the recording confirms that neither of the officers ever forced their knee upon Harris' neck. In effect, the footage may prove that they did not cause Harris' death.

ROA. 25-30257.1007. While the District Court properly recognized appellants'

burden of establishing causation in their wrongful death claim through expert testimony, the Court did not account for Moore or McCall's testimony when reaching its conclusions. Instead, the District Court focused its inquiry solely on the bodycam footage. The footage was taken from Officer Daniel's bodycam and did not capture the entire interaction between Harris, Moore, and McCall.

In opposition to Moore and McCall's Motion for Summary Judgment, appellants did not offer any evidence that Moore or McCall placed a "hard knee" to the back of Harris' neck. Appellants did not offer any evidence to contradict, or even call into question, the testimony of Moore or McCall. Rather, appellants' opposition focused entirely on the report from their Use of Force expert, Timothy Dixon, a witness who offered no opinions as to causation. Noting this curious lack of evidence, the District Court wrote:

> Before all else, while Dr. Anderson's testimony remains crucial for Green's §1983 claim, Green opposes summary judgment on a different basis. In fact, Green nearly ignores Dr. Anderson totally. Instead, Green offers the unsworn and unsigned report by Timothy Dixon ("Dixon"), an attorney and former officer of the Baltimore Police Department. Dixon purports to interpret Dr. Anderson's medical conclusions, clarify general policing practices, and instruct the Court on Fourth Amendment jurisprudence. But Green's reliance on Dixon is puzzling at best.
>
> …
>
> Dixon's report is primarily centered on judging whether the arrest was reasonable. Yet that's irrelevant if Green cannot prove causation.

10

ROA. 25-30257.1008. However, despite no evidence to oppose the Affidavit testimony, the District Court determined summary judgment was not appropriate since five minutes of the bodycam footage failed to record Moore and McCall's actions. ROA. 25-30257.1009. The Ruling focused solely on the five minute "gap" but was silent as to the unrefuted testimony.

The Federal Rules of Civil Procedure, Rule 56, provides that if a party fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: give an opportunity to properly support or address the fact; consider the fact undisputed for purposes of the motion; grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or issue any other appropriate order. Further, when a motion for summary judgment is made and supported, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response ... must set forth specific facts showing that there is a genuine issue for trial. *Thomas v. Bayer Corp.,* No. CIV.A. 01-1489, 2005 WL 1861953, at *2 (W.D. La. Aug. 2, 2005). If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party. *Id.*

In this instance, appellants did not deny the facts attested to by Moore and McCall in their Affidavits. They did not even allege that Harris was restrained by Moore or McCall through the act of them placing a knee to the back of Harris' neck.

Of course, allegations alone would still be insufficient to defeat summary judgment since the motion was made and supported by admissible evidence.

In its' ruling on the Motion for Reconsideration, the District Court found there were multiple opportunities offered to appellants to refute the Affidavits of Moore and McCall but they went unanswered. ROA. 25-30257.1057. Further, the District Court correctly determined that since the testimony of Moore and McCall remained uncontradicted, it would be considered as undisputed facts for the purposes of summary judgment. Consequently, with Moore and McCall's testimony accepted as undisputed, the original summary judgment ruling could not stand. Accordingly, the Court properly granted the Motion for Reconsideration.

### b. The District Court Correctly Granted the Motion for Summary Judgment after Considering the Affidavit Testimony of Moore and McCall.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof. *Celotex v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Unsubstantiated assertions,

improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment. *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

Since the testimony of Moore and McCall was undisputed, the District Court correctly granted the Motion for Summary Judgment, in full, as there was no genuine issue of material fact as to appellants' inability to establish their burden of proof in this matter. Specifically, the District Court explained:

> According to Green's own medical expert, only a "hard knee to a prone individual" could have caused Harris' fatal neck injuries. Since there is no dispute that Moore and McCall did *not* place their knees on Harris' neck, there is similarly no dispute that Moore and McCall did not cause Harris' death. Consequently, Green's remaining claims under § 1983 wrongful death and Article 2315 of the Louisiana Civil Code must be discarded.

ROA. 25-30257.1058. Thus, the District Court correctly granted Moore and McCall's Motion for Summary Judgment.

### 2. Appellants Fail to Offer Any Argument Sufficient to Overturn the District Court's Granting of the Motion for Reconsideration and Motion for Summary Judgment.

Appellants raise no new arguments on appeal. They once again largely ignore the Affidavit testimony of Moore and McCall except to argue that such testimony should have been irrelevant in the Court's determination insofar as there was no "objective evidence" to corroborate the testimony. Appellants' position that

13

testimony cannot be properly considered by the Court unless it is verified by other "objective" evidence is simply incorrect. There is no legal basis for such argument.

Appellants reliance on *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007), in this regard is misguided. In *Scott*, there was a factual issue as to whether respondent was driving in such a fashion as to endanger human life. *Id*. However, respondent's version of events was so utterly discredited by video footage that no reasonable jury could have believed him. *Id*. The Court held that while courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing a summary judgment motion, they cannot do so when objective evidence clearly contradicts the version of the story adopted by a party. *Id*.

The holding in *Scott* offers common sense principles and rests on the unique circumstance where indisputable video evidence directly contradicted a party's account, rendering that account "blatantly contradicted" and unworthy of credence. That principle is inapplicable here. The record in this case contains bodycam footage of the incident, but nothing in that footage contradicts or undermines the sworn testimony of Moore or McCall. On the contrary, the available video is consistent with their accounts and leaves no material factual dispute for the factfinder. Further, appellants do not identify any portion of the bodycam footage video that "blatantly contradicts" the testimony of Moore or McCall. Instead, they contend the five-

minute gap of footage in the encounter between Harris, Moore, and McCall creates a disputed fact. That contention is misplaced. The mere absence of video evidence for every moment of the encounter does not, without more, generate a factual dispute sufficient to preclude summary judgment – particularly when there is uncontradicted testimony attesting to the acts of Moore and McCall during that period. The Court need not draw any inference.

Appellants have offered no evidence that either Moore or McCall placed their knee on the back of Harris' neck. Appellants' own expert has testified that was the only way the fatal injury could have occurred. Indeed, the record contains undisputed sworn testimony that neither Moore nor McCall placed their knee on Harris' neck. As such, there was no factual dispute and the District Court was correct in granting summary judgment.

## **CONCLUSION**

The District Court's rulings were logically sound and supported by law. Accordingly, this Court should affirm.

Respectfully submitted,

HUDSON, POTTS & BERNSTEIN, LLP
1800 Hudson Lane, Suite 300
Post Office Drawer 3008
Monroe, Louisiana 71210-3008
Telephone 318/388-4400;
Facsimile 318/322-4194
jadams@hpblaw.com
swhite@hpblaw.com

/s/ *Jay P. Adams*
JAY P. ADAMS, Bar No. 18755
SARA G. WHITE, Bar No. 34569
*Attorneys for Lawrance Moore and Russell McCall*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of August, 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Thus done and signed this 20th day of August, 2025.

/s/ *Jay P. Adams*
Jay P. Adams

## <u>CERTIFICATE OF COMPLIANCE</u>

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(1)(7)(B):

- This brief contains 2,680 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

- This brief has been prepared in a proportionally spaced typeface using Word 2016 in 14-point Times New Roman font as permitted by Fifth Circuit Rule 32.1.

Dated: August 20, 2025

<u>/s/ *Jay P. Adams*</u>
Jay P. Adams